## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BARN LIGHT ELECTRIC COMPANY, LLC**
a Florida limited liability company,

      Plaintiff,                Case No. 8:25-cv-204-WJF-LFG

v.

**BARNLIGHTDEALS.COM**, an internet domain name
and, **WANG XUEMEI**, an individual,

      Defendants.
_____/

## FINAL DEFAULT JUDGMENT

    Before the Court is Plaintiff Barn Light Electric Company, LLC's ("Plaintiff")
Motion for Final Default Judgment against Defendants Barnlightdeals.com, an
internet domain name, and Wang Xuemei, an individual (jointly, "Defendants").
Dkt. 36. The Court has granted Plaintiff's Motion for Final Default Judgment via
endorsed order. Dkt. 37. Defendants have not taken any action nor appeared in this
matter, and the time to do so has expired. Accordingly, this written Order follows
the prior order and grants Plaintiff's Motion for Final Default Judgment.

## BACKGROUND

    Plaintiff is an American company that manufactures and offers for sale light
fixtures and other wares. Dkt. 12 at 27 ¶ 3. Plaintiff advertises and sells its products
to consumers at www.barnlight.com. *Id.* at 45 ¶ 3. Plaintiff is the owner of several

federally registered trademarks, including U.S. Trademark Registration Nos. 5,298,953 and 5,707,278 for BARN LIGHT ELECTRIC COMPANY®, *Id.* at 31–35, and 4,703,116, 4,703,117, 4,703,118, and 4,722,667 for BARN LIGHT ELECTRIC® (collectively, "Plaintiff's marks"), *Id.* at 36–43. Plaintiff's marks are used in connection with Plaintiff's lighting products, and Plaintiff uses, advertises, and promotes the marks. *Id.* at 3.

This case arises from Defendants' unauthorized promotion, advertisement, distribution, sale, or offering for sale goods using designations identical to Plaintiff's marks through www.barnlightdeals.com (the "Website"). *Id.* at 46–47 ¶¶ 5–7, 9. Defendants owned and operated the Website. *Id.* at 1. Nonparty discovery obtained from Defendants' domain hosting provider, Name.com, confirms that they are located in China. Dkt. 33-1 at 3, 5–7. Defendants' use of the Website resulted in consumer confusion between Plaintiff and Defendants, who are in no way affiliated with one another. Dkt. 12 at 47 ¶¶ 8–9.

Plaintiff filed its Complaint, alleging: Counterfeiting and Trademark Infringement in Violation of 15 U.S.C. § 1114 (Count I); Federal Unfair Competition under 15 U.S.C. § 1125(a) (Count II); Common Law of Unfair Competition (Count III); and Common Law Trademark Infringement (Count IV). Dkt. 1 at 17–23. Plaintiff seeks a permanent injunction preventing Defendants' unauthorized use of Plaintiff's intellectual property through use of the Website.

The Court granted Plaintiff a temporary restraining order, Dkt. 13, and pursuant to the Court's order, Name.com transferred ownership of the Website's domain to a trust account, maintained by Plaintiff's counsel and through Name.com, at which time the Website was shut down, Dkt. 20 at 17, 25–28. Defendants have failed to appear, and the Clerk eventually entered default based on Defendants' nonappearance. Dkt. 35. Plaintiff then moved for final default judgment, Dkt. 36, and the Court granted that Motion via endorsed order, Dkt. 37.

## LEGAL STANDARD

Courts may enter final default judgments against parties who fail to plead or otherwise defend an action. Fed. R. Civ. P. 55(b)(2). As the Eleventh Circuit notes, a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## DISCUSSION

### I.    Defendants Admit to the Well-Pleaded Allegations.

Regarding Counts I, III, and IV, "[t]he Eleventh Circuit has held that the legal standards used to evaluate federal trademark and unfair competition claims are the same as under Florida law." *Medieval Times U.S.A., Inc. v. Pirate's Dinner*

*Adventure, Inc.*, No. 6:12-cv-1212-Orl-22TBS, 2013 WL 12155442, at *5 (M.D. Fla. Feb. 14, 2013) (citing *Gift of Learning Found., Inc. v. TGC, Inc.*, 329 F.3d 792, 802 (11th Cir. 2003) (per curiam)). 15 U.S.C. § 1114 provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark" which "is likely to cause confusion, or to cause mistake, or to deceive." Likelihood of confusion may be established as "a matter of law if the defendant intended to derive benefit from the plaintiff's trademark." *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1179 (11th Cir. 1994).

As to Count II, the claim for federal unfair competition claim under 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants, in connection with any goods or services, "uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin," which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of Defendants with Plaintiff, or "as to the origin, sponsorship, or approval" of Defendants' goods by Plaintiff. 15 U.S.C. § 1125(a)(1). As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is also "whether the public is likely to be deceived or confused by the similarity of the marks." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992) (Scalia, J., concurring).

4

Here, Plaintiff has properly alleged all necessary elements of its claims and has provided evidence of such by way of declaration and attachments. *See* Dkts. 1, 11, 12, 20, 33-1. It is established that the marks at issue are owned by Plaintiff, Dkt. 12 at 31–43, and that Defendants utilized these marks on the Website without Plaintiff's authorization. The Court further finds it to be evident that Defendants "intended to derive benefit from the plaintiff's trademark." *Babbit Elecs., Inc.*, 38 F.3d at 1179.

Thus, the well-pleaded factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims. *See generally* Dkt. 1. Through its silence and inaction, Defendants have admitted their liability.

## II.    Injunctive Relief.

Plaintiff requests only injunctive relief. Dkt. 36 at 14. "[I]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (quoting *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)).

The standard for a permanent injunction is the same as for a preliminary injunction, with the exception that a movant must demonstrate actual, instead of likely, success on the merits. *See Amoco Prod. Co. v. Vill. of Gambell, Ark.*, 480

U.S. 531, 546 n.12 (1987). The Court has recognized that injunctive relief is appropriate, even in the context of a default. *See Nat'l Staffing Sols., Inc. v. Young Holdings & Invs., LLC*, Case No. 8:20-CV-1011-T-02JSS, 2020 WL 6587246, at \*1 (M.D. Fla. Aug. 13, 2020) ("Where damages are difficult to ascertain, injunctive relief may also be awarded in a default situation, without an evidentiary hearing.").

Here, Plaintiff has satisfied the requisite factors for injunctive relief as recognized by the Court's prior TRO and Preliminary Injunction. *See* Dkts. 13, 22, 27; *see also* Dkts. 11, 12, 20. "A wrong for which the law can provide no remedy, trademark infringement 'by its nature causes irreparable harm.'" *Gainesville Coins, Inc. v. Oversee Domain Mgmt., LLC*, 8:12-CV-2607-T-23TGW, 2012 WL 12884446, at \*2 (M.D. Fla. Nov. 20, 2012) (quoting *Processed Plastic Co. v. Warner Commc'ns, Inc.*, 675 F.2d 852, 858 (7th Cir. 1982)); *accord Tally–Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989). Converting such relief into a permanent nature is the only manner in which the Court can effectively negate any risk of future harm—otherwise, Defendants will simply resume their infringement. The Court further finds that the burden on Defendants would be minimal, merely requiring that they cease their infringing activities. Thus, pursuant to 15 U.S.C. § 1116, the Court permanently enjoins Defendants from continuing to infringe any of Plaintiff's marks.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1)    Plaintiff's Motion for Final Default Judgment, Dkt. 36, is **GRANTED**.

(2)    Final default judgment is entered in favor of Plaintiff Barn Light Electric Company, LLC against Defendants Barnlightdeals.com and Wang Xuemei, and the Court grants permanent injunctive relief as follows. Defendants are permanently restrained and enjoined from:

   a.    Maintaining, operating, modifying, redirecting, transferring, disabling, or canceling the offending domain name associated with the Website;

   b.    Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing Plaintiff's marks or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff;

   c.    Using Plaintiff's marks in any manner prohibited by law; and

   d.    Transferring, destroying, concealing, or in any way altering assets resulting from Defendants' operation of the Website or use of Plaintiff's marks or evidence relating to same, including but not limited to all computer files relating to the use of the Website.

(3)   The Website's domain, currently held in a trust account maintained by Plaintiff's counsel, through Name.com, is to be permanently transferred to Plaintiff.

(4)   The Clerk is directed to release Plaintiff's $10,000 bond, Dkt. 18, and to terminate all deadlines and to close the case.

**DONE AND ORDERED** in Tampa, Florida, on October 20, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record